**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CULTURALINK, LLC,**<br><br>**DEBTOR.** | **CASE NO. 26-62039-PWB**<br><br>**CHAPTER 11** |
| **CULTURALINK, LLC,**<br><br>**MOVANT,**<br><br>**v.**<br><br>**ALPINE RIDGE FUNDING SPV LLC, JPMORGAN CHASE BANK, N.A., PNC BANK NATIONAL ASSOCIATION,**<br><br>**RESPONDENTS.** | **CONTESTED MATTER** |

**DEBTOR'S EXPEDITED MOTION TO COMPEL TURNOVER OF PROPERTY AND RELEASE OF CHECKING ACCOUNT GARNISHMENTS PURSUANT TO 11 U.S.C. § 542**

COMES NOW CulturaLink LLC, as debtor and debtor-in-possession ("**Debtor**"), by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 542 and § 362, Federal Rule of Bankruptcy Procedure 9014, for entry of an order compelling Alpine Ridge Funding SPV LLC, ("**Alpine**"), JPMorgan Chase Bank, N.A. ("**Chase**"), and PNC Bank National Association ("**PNC**") (collectively, "**Respondents**") to immediately turn over to Debtor all Debtor's monies in their possession, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested herein is 11 U.S.C. § 542 and § 362.

## II. BACKGROUND

4. On September 8, 2026 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. Since the Petition Date, Debtor has continued to operate its business and manage its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in this Chapter 11 case.

6. Debtor is a healthcare-focused company that provides translation and language support services.

7. Debtor maintains bank accounts at both Chase and PNC, which are currently frozen due to a garnishment filed by a default judgment creditor, Hong Yang. Counsel for the Debtor requested that Chase unfreeze the account due to the bankruptcy, but Chase refused. As of the filing date of this Motion, PNC has not responded to Counsel for the Debtor. Alpine, a factoring company, holds accounts receivables of the Debtor in excess of what is owed to it and that is likewise frozen due to the garnishment.

8. Alpine currently holds $170,671.36, Chase currently holds $453.87, and PNC currently holds $84,997.77 of Debtor's funds. Debtor's inability to access these funds is causing ongoing, irreparable harm to Debtor's ability to fund its operations, pay its employees, and effectuate a successful reorganization under Chapter 11.

## DEBTOR'S URGENT NEED FOR TURNOVER OF FUNDS

9. Debtor is operating as a debtor-in-possession in an active Chapter 11 reorganization case. Debtor's ability to fund its ongoing operations critically depends on receipt of the monies being held by Respondents.

10. Respondents' continued withholding of approximately $256,123 of Debtor's funds is causing immediate and ongoing harm to Debtor's estate. Without these funds, Debtor faces serious risk of an inability to sustain operations, meet its obligations to employees and vendors, and pursue a viable plan of reorganization for the benefit of all creditors.

11. Debtor respectfully requests that the Court act expeditiously on this Motion to protect the estate and its creditors from further harm resulting from Respondents' unjustified retention of estate property.

## ARGUMENT

### A. The Bank Accounts and Accounts Receivable Constitute Property of Debtor's Bankruptcy Estate.

Upon the commencement of this case, a bankruptcy estate was created comprising all legal or equitable interests of Debtor in property as of the Petition Date. 11 U.S.C. § 541(a)(1). Debtor's rights to its funds in the Chase and PNC bank accounts along with the accounts receivable through Alpine constitute property of the estate within the meaning of § 541.

The funds totaling $256,123 are payments from services rendered by the Debtor. These sums are unquestionably property of the bankruptcy estate.

### B. Section 542 Imposes a Mandatory Duty on Respondents to Turn Over the Payments.

Section 542(b) of the Bankruptcy Code provides, in relevant part: "[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against Debtor." 11 U.S.C. § 542(b).

The duty to turn over under § 542 is mandatory. An entity holding property of the estate "shall" deliver such property to the trustee or debtor-in-possession. *See 11 U.S.C. § 542(a)-(b)*; *United States v. Whiting Pools, Inc*., 462 U.S. 198, 204-05 (1983) (§ 542 imposes an affirmative duty to turn over estate property). There is no equitable exception permitting a creditor to withhold matured, approved payments from the estate merely because it disputes other obligations.

The funds (a) constitute property of the estate; (b) are matured and currently payable, having been expressly approved for payment postpetition; and (c) are not subject to any valid offset. Respondents are therefore obligated by operation of § 542(b) to immediately unfreeze and turnover the accounts to Debtor. The accounts receivable constitute property of the estate and are matured and currently payable, having been expressly approved for payment post petition.

**C. Respondents May Not Unilaterally Withhold Estate Property.**

The automatic stay imposed by § 362(a) of the Bankruptcy Code protects Debtor's estate from actions by creditors. It does not permit a third party to withhold estate property from Debtor. Respondents' continued retention of the funds constitute an impermissible withholding of estate property.

To assert a right to setoff under § 553 of the Bankruptcy Code, "each debt or claim sought to be offset must have arisen prior to [the] filing of the bankruptcy petition." *In re Gardens Regional Hospital and Medical Center, Inc.,* 975 F.3d 926, 933 (9th Cir, 2020) (citations omitted). Section 553 requires a "mutual debt" and the "mutuality requirement" is "strictly construed" and

is "expressly limited" by § 362(a)(7). *Id.* Chase and PNC cannot claim any offset rights as they do not have claims against the Debtor. Alpine may claim a setoff right, but it must seek appropriate relief from this Court before withholding funds. Unilateral retention of estate property is not a permissible substitute for a formal motion seeking to exercise any right to setoff, and Respondents should not be permitted to self-help its way out of its statutory turnover obligation.

### D. Immediate Turnover Is Necessary to Prevent Irreparable Harm to the Estate.

As set forth above, Debtor's ongoing operation and its prospects for a successful reorganization depend on the receipt of the $256,123 in the bank accounts and accounts receivable that Respondents continues to wrongfully withhold. The estate and all creditors suffer irreparable harm with each day that these funds are not remitted to Debtor. Accordingly, the Court should order immediate turnover.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Debtor respectfully requests that this Court enter an order:

a. compelling Alpine to immediately turn over to Debtor all accounts receivable, totaling $170,671.36;

b. compelling Chase to unfreeze Debtor's bank account, allowing Debtor to access the funds, totaling $453.87;

c. compelling PNC to unfreeze Debtor's bank account, allowing Debtor to access the funds, totaling $84,997.77;

d. finding that Respondents' continued refusal to remit the bank accounts and accounts receivable constitute a violation of 11 U.S.C. § 542 and is causing irreparable harm to Debtor's estate and its ability to fund ongoing operations;

e. awarding Debtor its reasonable attorneys' fees and costs incurred in connection with this Motion, to the extent permitted by applicable law; and

f. granting such other and further relief as the Court deems just and proper.

This 12th day of September, 2026.

/s/ Jamie A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JAMIE A. CHRISTY
Georgia Bar No. 683096

Proposed Attorneys for Debtor

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4516
Tel: (404) 681-3450
Fax: (404) 681-1046
jac@swfllp.com