**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CULTURALINK, LLC,**<br><br>**Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 26-62039-PWB** |
| **CULTURALINK, LLC,**<br><br>**Movant,**<br><br>**v.**<br><br>**COMMONSPIRIT HEALTH, a Colorado nonprofit public benefit corporation, f/k/a CATHOLIC HEALTH INTITIATIVES, ALPINE RIDGE FUNDING SPV, LLC,**<br><br>**Respondents.** | **CONTESTED MATTER** |

**DEBTOR'S MOTION TO AUTHORIZE INTERIM AND FINAL USE OF CASH COLLATERAL AND REQUEST FOR EXPEDITED PRELIMINARY HEARING**

COMES NOW Debtor Culturalink, LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), and pursuant to the provisions of 11 U.S.C. §§ 105, 361, 363, and Bankruptcy Rules 2002 and 4001(b), moves this Court for authorizing Debtor's use of cash collateral on an emergency basis to continue its

operations by paying its providers, employees, and operating expenses (the "**Motion**") in accordance with the proposed budget attached hereto as **Exhibit A** (the "**Budget**") and the Proposed Interim Order (as defined below) attached as **Exhibit B**, respectfully showing the Court as follows:

Debtor requests that the Court grant the Debtor an expedited preliminary hearing on this motion on the grounds that the Debtor requires the immediate use of cash collateral in order to avoid immediate and irreparable harm to the estate pending a final hearing as contemplated by Bankruptcy Rule 4001(b)(2).

1.

On September 8, 2026, (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, Debtor has continued in possession of its property and has operated and managed its affairs as a debtor-in-possession pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in this case.

2.

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtor consents to the entry of final orders and judgments by the Bankruptcy Court.

3.

Debtor is a healthcare-focused company that provides translation and language support services (the "**Business**").

4.

The Debtor and CommonSpirit Health f\k\a Catholic Health Initiatives ("**CommonSpirit**") are parties to a Security Agreement dated as of August 21, 2015 granting CommonSpirit a security interest, *inter alia*, in the Debtor's accounts and accounts receivables. CommonSpirit also filed a UCC-1 Financing Statement.

5.

Alpine Ridge Funding SPV, LLC ("**Alpine**") and Debtor are parties to a Factoring Agreement dated February 14, 2024, granting Alpine a security interest in Debtor's accounts receivable.

6.

Certain revenue of Debtor may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**").

7.

Debtor requires use of Cash Collateral for the purposes of meeting current ongoing operating expenses, including, but not limited to: paying employees and independent contractors. These services and expenses are essential to the value and ongoing operating income of the Debtor's estate.

8.

By this Motion, Debtor seeks interim and final authorization to use Cash Collateral. Debtor proposes to use Cash Collateral for payment to the providers as set forth in the Budget. Providers are independent contractors who transcribe medical records. The payments vary by month as each provider's payment is based on how many hours a provider has worked that specific month. The expenses incurred by Debtor and for which Cash Collateral will be used occurs in the normal and ordinary course of business. A proposed *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Proposed Interim Order**") is attached as **Exhibit B.**

9.

Section 363 of the Bankruptcy Code provides that cash collateral may be used upon Court order or consent of each entity having an interest in the cash collateral. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion but may authorize the use of cash collateral prior

to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

10.

Debtor shows this Court that it is necessary for it to make use of the income immediately to maintain the estate and that there is insufficient time for a full hearing to be held before Debtor must make use of such funds, see, 11 U.S.C. § 102, and that pursuant to Bank. R. 4001(b)(2), the Debtor is entitled to a preliminary hearing permitting it to use cash collateral pending a final hearing. Specifically, in order to maintain its ongoing business, Debtor is required to pay its providers and employees in the ordinary course of business, who may (and will) refuse to continue providing services to patients if they are not paid timely. A lack of providers or interruption of interpreting and translating services would cause substantial harm to the Debtor and its estate, and will harm its ability to fund its plan. The immediate use of Cash Collateral is necessary to preserve the estate.

11.

Debtor requests authority to use Cash Collateral for the purpose of avoiding immediate and irreparable harm to the estate. The authority to continue using Cash Collateral should continue until the Court rules on Debtor's request following a final hearing.

12.

Debtor recognizes that the Respondents may be entitled to adequate protection of their interests in Cash Collateral (if any) within the meaning of 11 U.S.C. §§ 361 and 363. To the extent that any interest that Respondents may have in the Cash Collateral is diminished, Debtor proposes to grant Respondents replacement liens in post-petition collateral of the same kind, extent, and priority as the liens existing pre-petition (the "**Adequate Protection Liens**"), except that the Adequate Protection Liens will not extend to the proceeds of any avoidance actions received by Debtor or the estate pursuant to chapter 5 of the Bankruptcy Code. Hence, Respondents' interests in Debtor's Cash Collateral, to the extent it has any, are adequately protected.

13.

If Debtor is not allowed to use Cash Collateral, it will likely be forced to shut down without an orderly process. Debtor requires the use of Cash Collateral to protect and preserve its value.

14.

Notwithstanding anything contained herein, Debtor reserves the right to dispute Respondent's secured status and the extent to which its claims may be secured, if at all, and the extent of any Adequate Protection Lien granted in any interim order or final order on this Motion.

15.

Section 363(e) of the Bankruptcy Code conditions such use on the provision of "adequate protection" of the secured parties' interests. 11 U.S.C. § 363(e). The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. 11 U.S.C. § 361. What constitutes adequate protection must be evaluated on a case-by-case basis. *In re Swedeland Dev. Grp. Inc*., 16 F.3d 552, 564 (3d Cir. 1994) (*citing In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987)); *In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985).

16.

The Bankruptcy Code expressly provides that "granting a replacement lien is a means of adequate protection." 11 U.S.C. § 361(2). Granting replacement liens provides ample adequate protection of the secured creditor's interest in cash collateral. *See e.g. In re O'Connor*, 808 F.2d at 1393; *In re Dixie-Shamrock Oil & Gas. Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

17.

Debtor's requested use of Cash Collateral as set forth in the Budget and the protections proposed to be afforded to Respondent in the Proposed Interim Order, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the

Respondent's collateral. For all of the reasons stated above, approval of the Motion is proper.

18.

Pursuant to the provisions of 11 U.S.C. § 363, Debtor hereby applies for an order authorizing it to use cash collateral, and further requests that this Court grant its application on an interim basis after notice to interested parties as is appropriate under the circumstances of this case as contemplated by the provisions of 11 U.S.C. § 102.

WHEREFORE, Debtor moves this Court for an order authorizing the use of Cash Collateral pending a final hearing. Debtor further requests entry of a final order allowing the use of Cash Collateral to preserve its estate pending the confirmation of a Plan of Reorganization.

This 12th day of September, 2026.

/s/ Jamie A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JAMIE A. CHRISTY
Georgia Bar No. 683096

Proposed Attorneys for Debtor

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4516
Tel: (404) 681-3450
Fax: (404) 681-1046
jac@swfllp.com

# EXHIBIT A

| Account | 40-Day Budget |
|---|---|
| **Income** | |
| **Interpretation Services** | |
| 44100 Interpretation - OSI | $21,857.93 |
| 44200 Interpretation - OPI | $196,721.31 |
| 44300 Interpretation - VRI | $3,934.43 |
| 46000 Translation Services | $39,344.26 |
| 48100 Equipment Lease - VRI Carts | $2,885.25 |
| **Total Income** | **$264,743.17** |
| **Cost of Goods Sold** | |
| **50400 Interpretation Services COGS** | |
| 50410 Interpretation Services OSI - Contractor | $10,928.96 |
| 50420 Interpretation Services OPI - contractor | $149,508.20 |
| 50440 Interpretation Services VRI - contractor | $1,967.21 |
| 50600 Translation COGS | |
| 50620 Translation Services - Contractors | $19,672.13 |
| **Total Cost of Goods Sold** | **$182,076.50** |
| **Expense** | |
| **60000 Administrative Expenses** | |
| 60010 Employee Wages - Admin | $39,344.26 |
| 60015 Payroll Tax Expense - Admin | $9,836.07 |
| 60024 Cell Phone - Admin | $262.30 |
| 60087 Background Check Services | $21.86 |
| 66200 Employee Benefits | $3,968.52 |
| 62019 Dues & Subscriptions - IT | $19,672.13 |
| 62020 Contractors - IT | $2,622.95 |
| 65011 Rent Expense | $75.86 |
| 65014 Telephone/Internet Expense | $1,573.77 |
| 65020 Office Supplies | $54.65 |
| 65021 Postage and Delivery | $10.92 |
| 65022 Storage/Warehousing/Fulfillment | $536.39 |
| 65030 Worker's Compensation | $131.15 |
| 65031 General Liability Insurance | $1,110.16 |
| 65034 Professional Liability | $874.32 |
| 65035 Property Insurance | $131.15 |
| 65082 UPS | $10.49 |
| 67010 Professional Fees - Accounting | $655.74 |
| 67050 Professional Fees - Payroll | $320.00 |
| 67070 Bank Service Charges | $109.29 |
| **Total Expense** | **$81,321.98** |
| **Total Net Income** | **$1,344.70** |

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CULTURALINK, LLC,**<br><br>**Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 26-62039-PWB** |
| **CULTURALINK, LLC,**<br><br>**Movant,**<br><br>**v.** | **CONTESTED MATTER** |

**COMMONSPIRIT HEALTH, a Colorado nonprofit public benefit corporation, f/k/a CATHOLIC HEALTH INTITIATIVES, ALPINE RIDGE FUNDING SPV, LLC,**

**Respondents.**

**INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING**

This matter came before the Court on September 16, 2026 for hearing (the "**Preliminary Hearing**") on Debtor's *Motion to Authorize Interim and Final Use of Cash Collateral and Request for Expedited Hearing* (the "**Motion**")[1] [Doc. No. 12]. Jamie Christy, counsel for Debtor, Yolanda Robles, Debtor's CEO, Richard Gordon, Debtor's President, and Alan Hinderlieder, counsel for the United States Trustee, attended the Preliminary Hearing. Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on September 8, 2026 (the "**Petition Date**"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtor remains in possession of its assets and has continued the operation and management of its Business in this chapter 11 case.

B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

C. Debtor asserts that CommonSpirit ("**Respondent**") filed a UCC-1 Financing Statement, thereby allowing Respondent to potentially assert a security interest in certain of Debtor's personal property.

D. Debtor also asserts that Alpine Ridge Funding SPV, LLC ("**Alpine**") and Debtor are parties to a Factoring Agreement dated February 14, 2024, granting Alpine a security interest in Debtor's accounts receivable.

E. The revenue from Debtor's Business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**"). Debtor believes that Respondent may assert an interest in the Cash Collateral. Debtor is not aware of any other creditor asserting an interest in the Cash Collateral.

F. Debtor asserts that it generates substantially all of its revenue from the operation of its Business.

G. Debtor asserts that it has provided actual notice of the Motion and the relief requested therein to Respondent, to each of Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

H. Debtor alleges that an immediate need exists for Debtor to obtain use of the Cash Collateral to fund critical operations. A schedule of Debtor's revenues and cash requirements for the next forty (40) days is set forth in the budget (the "**Budget**") attached to this Order as <u>**Exhibit A**</u>.

I. Debtor alleges that to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

J. Good cause has been shown for the entry of this Order and authorization for Debtor to use cash collateral pending the final hearing on the Motion pursuant to Bankruptcy

Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize disruption, will increase the possibility for a successful reorganization, and is in the best interests of Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2. Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Motion (the "**Interim Period**"). The Interim Period may be extended by further order of the Court.

3. To provide adequate protection for Debtor's use of the Cash Collateral authorized hereunder, Respondent, to the extent it holds a valid lien, security interest, or right of setoff as of the Petition Date under applicable law, is hereby granted a valid and properly-perfected replacement lien (the "**Adequate Protection Lien**") on all property acquired by Debtor after the Petition Date that is the same or similar nature, kind, or character as the Respondent's pre-petition collateral, except that no such replacement lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Lien shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that Respondent or any other party holds a valid security interest, lien, or any interest in any of Debtor's assets, and all parties' rights with respect to such issues are reserved.

5. This Order is entered without prejudice to the rights of either Respondent or Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6. The Court shall hold a final hearing on the Motion **at ____ P.M. on _____, 2026**, **in Courtroom 1401**, Richard B. Russell Building & United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, and must be attended in person.

7. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

8. Debtor's Counsel shall serve a copy of this Order on all parties-in-interest within three (3) business days of entry and promptly thereafter file a certificate of service evidencing the method and manner of service.

**### END OF ORDER ###**

**Prepared and presented by:**

/s/ Jamie A. Christy
JAMIE A. CHRISTY
Georgia Bar No. 683096
*Proposed Attorney for Debtor*
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: jac@swfllp.com

**Distribution List:**

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303